El Pueblo de Puerto Rico, demandante y apelado, *v.* Alejandro Pérez, acusado y apelante.

Núm. 10153.—*Sometido:* Diciembre 20, 1943. *Resuelto:* Enero 25, 1944.

*Leopoldo Tormes García,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo, y Luis Negrón Fernández, Fiscal Auxiliar.* abogados de El Pueblo, apelado.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

El apelante fué convicto y sentenciado por violación de la Ley núm. 6 de 17 de noviembre de 1941 (Primera Sesión Extraordinaria, pág. 15). La supuesta infracción consistió en que el 5 de junio de 1942 vendió a Leopoldo López, en Ponce, 257 libras de carne de res sacrificada en el país, por precio de 20¢ libra, no obstante en el Reglamento aprobado por la Comisión de Alimentos y Abastecimiento General haberse fijado su precio en 18¢ libra.

El apelante alega que la sentencia impuéstale es errónea:

(1) Porque la ley que se alega infringida es inconstitucional;

(2) Porque en todo caso la evidencia es insuficiente para declararle convicto.

■ En apoyo de la alegada inconstitucionalidad de la ley, arguye el apelante que el delito que se le imputa fué definido y sancionada su pena por la Comisión de Alimentos y Abastecimiento General y que es el poder legislativo el único facultado para definir y fijar la pena de los delitos, sin que esa facultad pueda ser delegada.

El artículo 1, inciso 4, de la ley en cuestión faculta a la citada comisión para, sujeto a la aprobación del Gobernador, determinar los precios a que podrán venderse los artículos de necesidad. Y más adelante, en el mismo inciso, prescribe:

"Cualquier persona que venda artículos a un tipo más alto que el determinado por la Comisión, . . . será castigada por cada ofensa con una multa no menor de veinticinco dólares ($25) ni mayor de mil dólares ($1,000), y prisión por no más de seis (6) meses . . . "

Como se verá, el poder legislativo delegó en la comisión la facultad de fijar los precios, delegación que en el caso de *El Pueblo* v. *Martínez Baz,* resuelto el 12 del actual (ante, pág. 734) sostuvimos era constitucional. Pero una vez determinado por la comisión el precio máximo, fué la legislatura quien creó el delito y fijó su pena.

■ La prueba de cargo consistió únicamente del testimonio del supuesto perjudicado, Leopoldo López. Declaró este testigo que compró 257 libras de carne al acusado, conforme se alega en la acusación, es decir, a razón de 20¢ la libra; que pagó el precio en su totalidad al día siguiente; que el negocio se celebró en el matadero de Ponce, donde había otras personas que no nombra, y que ninguna de ellas se enteró de los términos en que se convino la transacción.

La de descargo consistió en los testimonios de José Clavel y del acusado. El primero declaró que es abastecedor de carne, que presenció la venta que de 257 libras de ese artículo celebró el acusado con Leopoldo López; que el precio convenido fué a razón de 18 centavos libra; que el día siguiente a la venta, López entregó al acusado en presencia del testigo el precio de la carne menos nueve dólares y pico; que con ese

motivo el acusado rehusó vender más carne a López y que sin duda fué esa la causa que indujo a López a denunciar falsamente al acusado.

Declaró el acusado que la venta fué convenida a razón de 18 centavos la libra; que al pagarle el precio al día siguiente a la venta, López le quedó a deber $9.40 y que con tal motivo le dijo que no podía seguirle vendiendo carne si es que iba a quedar a deber dinero, porque no quería aumentar la cuenta anterior; que López le contestó que estaba bien, y cuatro o cinco días después manifestó al acusado que lo iba a denunciar. En el curso de su testimonio declaró el acusado que muchos le quedaban a deber carne y no le pagaban y que eso le había sucedido repetidas veces con el propio Sr. López.

La prueba es contradictora. La corte dió entero crédito al testigo de cargo, y como su declaración no es inherentemente improbable ni se ha demostrado ninguna circunstancia que impidiera darle tal crédito, nos sentimos obligados por la conclusión a que en la apreciación de la prueba llegara la corte sentenciadora.

*Se confirma la sentencia apelada.*

El Juez Asociado Señor Snyder no intervino.